## Watters v. Watters
*[Cite as 8 AOA 89]*

*Case No. 90 CA 26*
*Greene County, (2nd)*
*Decided November 28, 1990*

*Paul W. Barrett, Xenia, for plaintiff-appellant.*

*Mark F. Ware, Dayton, for defendant-appellee.*

FAIN, J.

Petitioner-appellant Michelle Watters, now known as Michelle Neville, appeals from an order of the Greene County Common Pleas Court, Division of Domestic Relations, filed January 25, 1990, in which her motion to enforce the terms of the dissolution decree providing for the support and college expenses of Rochele Watters, the daughter of the parties, was granted in part, and denied in part. Neville contends that the trial court erred by concluding that Neville lacked standing to enforce the provisions of the decree pertaining to her daughter's college expenses. We agree with Neville. Accordingly, the judgment of the trial court will be reversed and this cause will be remanded for further proceedings consistent with this opinion.

I

The parties petitioned for a dissolution of their marriage in 1979, and a decree was entered in early 1980. The decree adopted both a separation agreement and a separation agreement amendment.

The separation agreement provided that Neville was to have custody of Rochele, who was then 11 years old, having been born in 1969. Watters was to pay child support in the amount of $150 per month "until the child becomes twenty-one (21) or is graduated from high school, whichever comes last, or is married or emancipated, whichever comes first." A separate provision in the separation agreement provided as follows:

It is the agreement of the PARTIES that HUSBAND shall provide the necessary funds for the college education of the child of the PARTIES. Such funds shall be used for college or other post high school education. Such funds shall include tuition, room, board (unless she resides in domicile [sic] of the wife), books, fees, and any other reasonable college expenses. Such funds shall be in lieu of other support obligations of the HUSBAND for the child of the PARTIES.

The amendment to the separation agreement, which was also adopted by the decree, provided that the separation agreement was to continue except as otherwise provided in the amendment. The amendment provided that Watters was to have custody of Rochele. The amendment also contained the following provision:

### "SUPPORT

"HUSBAND shall not be obligated to pay support for the minor child of the parties to wife while he has the care, custody, and control of the said minor child."

In April, 1989, Neville brought this action by filing a motion for contempt.

In her motion, Neville contended that Watters had failed to pay college expenses, and also certain medical and dental expenses that had been the subject of another provision in the separation agreement.

Neville's motion was heard by a referee. In her report and recommendation, the referee concluded that the provisions in the original separation agreement relating to the payment of college expenses had survived the provisions in the amendment relieving Watters of his obligation to support the child on account of his having become the custodial parent pursuant to the amendment. The referee recommended that Watters be required to reimburse Neville for certain amounts that she had actually expended for Rochelle's college expenses; however, the referee concluded that Neville lacked standing to enforce the terms of the decree beyond obtaining reimbursement of expenses already incurred. The referee reasoned as follows:

Since Movant [Neville] is not the custodial parent and since the daughter of the parties is an adult, other issues should be brought to court by the daughter, including the issue of dental work needed and future payments of college expenses.

The trial court overruled Neville's objections to the report and recommendation of the referee, and entered judgment accordingly. In its judgment entry, the trial court concluded that:

"Further, the Court concurs with the Referee's recommendation that the plaintiff's daughter has standing and must initiate action for immediate and future expenses for college or health purposes. In regard to reimbursement for expenses paid for by the Plaintiff, the Court concurs with the Referee that the Defendant reimburse the Plaintiff for the amount cited in the Referee's report."

· From the trial court's judgment of January 25, 1990, from which the above quote is taken, Neville appeals.

### II

Neville's sole Assignment of Error is as follows:

THE GREENE COUNTY COURT OF COMMON PLEAS ERRED IN DENYING STANDING TO THE MOTHER OF THE CHILD OF THE PARTIES TO ENFORCE THE OBLIGATION OF THE FATHER WHEN THE FATHER OF SAID CHILD HAS, PURSUANT TO A SEPARATION AGREEMENT INCORPORATED INTO A DECREE OF DISSOLUTION, ASSUMED THE UNQUALIFIED OBLIGATION TO PROVIDE THE NECESSARY FUNDS FOR THE COLLEGE EDUCATION OF SAID CHILD EVEN WHEN SUCH A CHILD IS NO LONGER A MINOR.

Both parties agree that Rochele has standing to enforce the provisions in the divorce decree of which she is a third-party beneficiary. Watters contends that Rochele has the exclusive standing to enforce those provisions for her benefit. Neville contends that she, also, has standing to enforce the provisions of the dissolution decree, to which she is a party, and for which she negotiated.

Neville cites, in support of her position, Civ. 17(A), which provides, in pertinent part, as follows:

"An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is

brought. \*\*\*. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis added.)

Watters has cited no authority in support of his position.

We agree with Neville that she has concurrent standing to enforce the provisions of the divorce decree that are intended to benefit her daughter Rochele. Watters contends that Rochele, who is now an adult, has interests that diverge from her mother's interests with respect to the matters in litigation. If so, Watters may seek to join his daughter, Rochele, as a party, or Rochele may seek to intervene. Both of the present parties agree that their daughter, Rochele, would have standing in this action.

Watters also repeats the argument that he made, unsuccessfully, in the trial court, that his obligation to provide for his daughter's college education, and her medical and dental expenses, was extinguished when he became the custodial parent. We agree with the trial court's interpretation of its decree and the separation agreement and amendment incorporated in the decree.

The trial court concluded that only the provision for the payment of child support in the amount of $150 per month was intended to be extinguished by the amendment, and so do we.

Neville's sole Assignment of Error is sustained.

### III

Neville's sole Assignment of Error having been sustained, that part of the trial court's judgment of January 25, 1990, in which the trial court held that Rochele, the daughter of the parties, had the exclusive standing to "initiate action for immediate and future expenses for college or health purposes," will be reversed, the judgment will be affirmed in all other respects, and this cause will be remanded for further proceedings consistent with this opinion.

WILSON and BROGAN, JJ., concur.